UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

JOHN STAPLE,

    Plaintiff,

v.                                    CASE NO.:

IS3, INC., a Florida Profit Corporation, and
DANIEL SCADUTO, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    Plaintiff, JOHN STAPLE, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief and/or front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3.    At all times relevant hereto, Plaintiff, JOHN STAPLE ("Plaintiff" or "Staple"), was an employee of Defendants, IS3, INC. ("IS3"), a Florida Corporation, and

DANIEL SCADUTO ("Scaduto")(collectively "Defendants"), and resided in Palm Beach County, Florida.

4. From March 2012, until his termination on October 10, 2013, Plaintiff was employed as at first, Defendants' Product Manager, and then Director of Marketing, working primarily in Defendants' offices located in Palm Beach County, Florida.

5. Defendant, IS3 is a Florida Profit Corporation that "develops products for consumers and businesses that ensure internet security, optimized computers, and provide[sic] personalized technical support, and operates and conducts business in, among others, Palm Beach County, Florida, and is therefore, within the jurisdiction of the Court.

6. At all times relevant to this action, Scaduto was an individual resident of the State of Florida, who operated IS3, and who regularly exercised the authority to: (a) hire and fire employees of IS3; (b) determine the work schedules for the employees of IS3; and (c) control the finances and operations of IS3. By virtue of having regularly exercised that authority on behalf of these entities, Scaduto is an employer as defined by the FMLA.

7. At all times relevant hereto, Defendants were an employers covered by the FMLA, because they were engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

8. At all times relevant hereto, Defendants were Plaintiff's "joint employer," for the purposes of FMLA coverage, pursuant to 29 C.F.R. §825.106, because: (i) there was an arrangement between Defendants to share employees' services or to interchange

employees; (ii) Each Defendant acted directly or indirectly in the interest of the other Defendants in relation to Plaintiff; or, (iii) Defendants were and are not completely disassociated with respect to the Plaintiff's employment and shared control of Plaintiff, directly or indirectly, because each Defendant was under common control with the other Defendants.

9. At all times relevant hereto, Plaintiff worked at a location where the Defendants employed 50 or more employees within 75 miles.

10. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

11. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendants interfered with Plaintiff's right to take FMLA leave and discriminated against Plaintiff, because he took FMLA leave.

12. From March 2012 to his termination on October 10, 2013, Plaintiff was employed first, as Director of Product Management, working primarily in Defendants' offices located in Palm Beach County, Florida, and ultimately earning approximately $80,000 per year as Director of Marketing exclusive of the value of fringe benefits at the time of his termination.

13. On September 12, 2013, Plaintiff suffered a serious health condition- i.e. a severe injury to his back- that qualified him for FMLA protection under Defendant's policies and procedures.

14. On September 19, 2013, Plaintiff sought FMLA leave from Defendants, and was approved for same on September 20, 2013.

15. Plaintiff's leave, which commenced on September 23, 2013, was expected to initially last through October 7, 2013.

16. On October 7, 2013, Plaintiff notified Defendants that his medical leave would continue through October 25, 2013.

17. On October 10, 2013, just three days later, Scaduto terminated Plaintiff's employment by email, under the "guise" that Plaintiff was being terminated for financial reasons.

18. Both prior to, and after Plaintiff's illegal termination, Scaduto repeatedly spoke in the workplace that he was angered by Plaintiff's need for medical leave.

19. Defendants' termination of Plaintiff, and their actions after learning that Plaintiff sought to exercise his rights pursuant to the FMLA were in violation of the FMLA, because Defendants interfered with Plaintiff's right to take FMLA leave and discriminated against Plaintiff for taking FMLA leave.

## COUNT I – INTERFERENCE WITH RIGHT TO TAKE LEAVE

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

22. At all times relevant hereto, Defendants interference with Plaintiff's right to take leave from work, violated the FMLA.

23. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

24. Plaintiff gave Defendants appropriate notice of his need to be absent from work, due to his serious medical condition.

25. Defendants interfered with the exercise of Plaintiff's right to unpaid leave, because Defendants terminated Plaintiff's employment as a result of Plaintiff's exercising his right to FMLA leave.

26. Defendants interfered with the exercise of Plaintiff's right to leave, because Defendants refused to allow Plaintiff to return to his job, or to an equivalent position, upon return from his FMLA leave.

27. Defendants interfered with the exercise of Plaintiff's right to leave, because Defendants failed to provide Plaintiff a written notice detailing specific expectations and obligations of Plaintiff and explaining any consequences of a failure to meet those obligations.

28. As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

29. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

30. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, JOHN STAPLE, demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II – FMLA DISCRIMINATION

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32. At all times relevant hereto, Defendants discriminated against Plaintiff because Plaintiff exercised his right to take leave from work under the FMLA.

33. At all times relevant hereto, Defendants discriminated against Plaintiff in violation of the FMLA.

34. At all times relevant hereto, Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA.

35. Plaintiff gave Defendants appropriate notice of his need to be absent from work.

36. Defendants discriminated against Plaintiff for exercising his right to leave, because Defendants terminated Plaintiff's employment as a result of Plaintiff's exercising his right to leave.

37. Defendants discriminated against Plaintiff for exercising his right to unpaid leave, because Defendants refused to allow Plaintiff to return to his job, or to an equivalent position, upon return from his FMLA leave.

38. At all times relevant hereto, Defendants acted with the intent to discriminate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

39. As a result of Defendants' intentional, willful and unlawful acts by discriminating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, JOHN STAPLE, demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

DATED this 24th day of October 2013.

MORGAN & MORGAN, P.A.
600 North Pine Island Road, # 400
Plantation, Fl 33324
Tel: 954-318-0268
Toll Free: 877-435-9243
Fax: 954-333-3515
E-mail: rceller@forthepeople.com

_____
RICHARD CELLER
FL Bar No.: 173370